[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case against Cedarcrest Regional Hospital, Alexander Parthenis, M.D. and others.
The Hospital is not an institution licensed by the state. Dr. Parthenis was a licensed physician. The doctor died. The Executrix of his estate has been substituted as a party in place of Dr. Parthenis.
Conn. Gen. Stats. 19a-17b(iv)(d) states:
 The proceedings of a medical review committee conducting a peer review shall not be subject to discovery or introduction into evidence in any civil action for or against a health care provider arising out of the matters which are subject to evaluation and review by such committee, and no person who was in attendance at a meeting of such committee shall be permitted or required to testify in any such civil action as to the content of such proceedings; provided the provisions of this subsection shall not preclude (1) in any civil action, the use of any writing which was recorded independently of such proceedings; (2) in any civil action, the testimony of any person concerning the facts which formed the basis for the institution of such proceedings of which he had personal knowledge acquired independently of such proceedings; (3) in any health care provider proceedings concerning the termination or restriction of staff privileges, other than peer review, the use of data discussed or developed during peer review proceedings; or (4) in any civil action, disclosure of the fact that staff privileges were terminated or restricted, including the specific restriction imposed, if any,
Conn. Gen. Stats. 19a-17b(i) defines "Health care provider" as
 . . . any person, corporation, facility or institution licensed by this state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment.
A motion for discovery was filed by the defendant. CT Page 10157 Reports of the peer review of the incident described in the complaint here requested.
Objection to the discovery motion was not filed within the time required by the Conn. Practice Book.
When objections were untimely filed, the grounds stated for the objections were other than the statutory protection of the peer result as set forth in Conn. Gen. Stats. 19a-17b.
Issue
1. Is the hospital a health care provider under the definition of same in Section 19a-17b(i)?
2. Conceding that Dr. Parthenis was a licensed physician is his Executrix as a substituted party so considered?
3. Does the statute itself bar the discovery of peer result or is it necessary to raise a timely and specific objection to the discovery?
The hospital is not a licensed institution and, as such, is not a health care provider under the statute.
Dr. Parthenis was such a health care provider. His Executrix stepped into his shoes and acquired the same rights and protection of Conn. Gen. Stats. 19a-17b.
Therefore, this is a civil case against a health care provider.
The statute is a bar in and of itself. There need not be a specific objection to the motion for disclosure. The court reasons that the peer review may very well concern others, not only the defendant or a party to an action. The purpose of the statute is to create cooperation to solve problems, to prevent further harm.
Because there was an untimely objection to Motion to Disclose in no way lifts the statutory bar set forth in Conn. Gen. Stats. 19a-17b.
JOHN F. WALSH, J.